[No. 1575, July 25, 1913.]

GUY H. HERBERT, Tax Assessor, Appellant, v. BOARD OF COUNTY COMMISSIONERS OF CHAVES COUNTY, Appellee.

### SYLLABUS (BY THE COURT)

1. The judgment of the district court is affirmed upon the authority of State v. Romero, 124 Pac. 649, and State v. Romero, 125 Pac. 617, decided by this court on March 23, 1912.

P. 131

Appeal from the District Court of Chaves County; John T. McClure, District Judge; affirmed.

W. A. DUNN and L. O. FULLEN, Roswell, N. M., for appellant.

All laws of the Territory in force at time of admission into the Union, not inconsistent with the Constitution, remain in force. Const., art. XXII, sec. 4; People v. County Commrs. of Grand Co., 6 Colo. 202; State v. Edwards, (Mont.) 111 Pac. 734; Ex parte Schriber, (Idaho,) 114 Pac. 29; Lace v. People, (Colo.) 95 Pac. 302; State v. Dircks, (Mo.) 111 S. W. 1; Cahoon v. Commonwealth, 20

Grat. (Va.) 733; Wright v. Woods, (Ky.) 27 S. W. 979;
State v .Third Judicial District Court, (Mont.) 37 Pac.
7; Commonwealth v .Collis, 10 Phils. 430; Wattson v.
Chester & D. R. R. Co., 83 Pa. St. 254; Sheppard v. Collis,
1 Wkly Notes Cas. 494; 8 Cyc. 759; Doddridge v. Sup'rs.
v. Stout, 9 W. Va. 703; Lewis v. Lackawanna County,
(Pa.) 50 Atl. 162.

Valid and regularly enacted statutes of the Territory
for the compensation of county officers not abrogated or
repealed by Const. Doherty v. Ransom County, (N. D.)
63 N. W. 148; Norman v. Cain, (Ky.) 31 S. W. 860; State
v. Burdick, (Wyo.) 33 Pac. 131; Groves v. Slaughter, 15
Pet. 448, 10 L. Ed. 800; People v. Co. Commrs., 6 Colo.
202; Const., art. X, sec. 1.

When no compensation is fixed by law, intention of law-
makers is that the officer shall receive a reasonable compen-
sation. Bohart v. Anderson, (Okla.) 103 Pac. 742; Rip-
ley v. Gifford, 11 Iowa 367; Lavin v. Board of Commrs.,
151 Ill. App. 236; judgment affirmed 92 N. E. 291; 2
Lewis' Sutherlands Stat. Const. (2nd ed.) sec. 642.

Sound public policy requires that the Constitution be
construed to give county officers compensation, unless terms
absolutely prohibit it. 8 Cyc. 733; Taylor v. Taylor, 10
Minn. 107; City of Baltimore v. State, 15 Md. 376; In re
Griffin, Fed. Cas. No. 5815, (Chase 364) ; Const., art. X,
sec. 1.

KENNETH K. SCOTT, TOMLINSON FORT, Roswell, N. M.,
for appellee.

Salaries and fees of county officers fixed. Const., art. 10,
sec. 1.

Provision is self-executing. State v. Romero, 124 Pac.
649, 17 N. M. 81.

Territorial laws remain in force. Const., Art. 13, sec. 4.

Officers allowed no compensation where no provision
made by law. 29 Cyc. 1422; Chance v. Marion County,
64 Ill. 66; State ex rel. Delgado v. Romero, 17 N. M. 81;
Const., art. 20, sec. 9.

## OPINION OF THE COURT.

ROBERTS, C. J.—This action was instituted in the court below by appellant, who is the tax assessor of Chaves County, to recover compensation for his services from the County of Chaves, as such official. The case at bar presents no features that have not been already fully considered and decided by this court. In the case of State v. Romero, 124 Pac. 649, we held that,

"The compensation of a county officer, under the provisions of section 1 of article X of the Constiution, is dependent upon the enactment by the legislature of a salary law, and he can not recover for his services until such a law is passed, and then only as provided by such act."

See also, State v. Romero, 125 Pac. 617.

No law has been enacted, fixing the compensation of tax assessors, consequently under the rule announced, in the decided case, from which we see no reason to depart, it follows that the judgment of the lower court, sustaining the demurrer to appellant's complaint and dismissing the action, was proper, and will be affirmed, and it is so ordered.

### SYLLABUS (BY THE COURT)

