## CITY OF ALBUQUERQUE v. RANGER DESDEMONA OIL CO.

[No. 2455.   Dec. 2, 1920.]

### SYLLABUS BY THE COURT.

An ordinance of a city providing that it shall be unlawful for anyone operating within the city to sell or offer for sale

any stock pertaining to oil or petroleum properties unless a license shall first be obtained, which license shall be issued for a period of three months on payment of $100, is void and of no effect, being contrary to and inconsistent with Laws 1919, c. 148, which specifies, among other requirements, that such ordinances issued by a city shall be based on the amount of business transacted, and fixes a minimum license of $5.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Proceedings by the City of Albuquerque against the Ranger-Desdemona Oil Company for failure to procure a license under a city ordinance. A judgment and fine imposed by the police court was affirmed by the district court on appeal, and defendant appeals. Reversed.

GEORGE C. TAYLOR, of Albuquerque, for appellant.

W. A. KELEHER, City Atty., of Albuquerque, for appellee.

OPINION OF THE COURT.

RAYNOLDS, J. The appellant, the Ranger-Desdemona Oil Company, was fined the sum of $200 in the police court of the city of Albuquerque for failure to procure a license required by a city ordinance. From this judgment and fine the appellant appealed to the district court, where the judgment of the police court was affirmed. The appeal to this court is taken from the affirmance of that judgment.

The ordinance with which appellant failed to comply and for which it was fined is as follows:

"An ordinance providing for the licensing of oil and petroleum stock salesman having an office or place of business within the city of Albuquerque.

"Be it ordained by the city commission of the city of Albuquerque:

"Section 1. That it shall be unlawful for any person, firm or corporation, operating within the city of Albuquerque, to offer stock for sale or sell stock pertaining to oil or petroleum properties managed or owned by any person, firm, association, partnership, corporation or syndicate, unless such person shall first obtain a license to sell or offer such stock for sale.

"Sec. 2.   The license hereinbefore required shall be issued by the city clerk of the city of Albuquerque, upon the payment of $100, together with a fee of 50 cents for issuing the same, such license to cover a period of three months from the date of issuance.   No license shall be issued for a period of less than three months.

"Sec. 3.   Any person convicted of violating the provisions of this ordinance shall be fined in the sum of not less than $10, and not more than $200, or shall be imprisoned for not less than ten days nor more than thirty days, or by both such fine and imprisonment in the discretion of the court trying the cause.

"Sec. 4.   All ordinances or parts of ordinances in conflict herewith are hereby repealed and this ordinance shall be in full force and effect after its passage and legal publication, being hereby declared an emergency ordinance on the ground of urgent public need."

The city derived its power to pass such ordinance from section 3564, Code 1915, subd. 61, which, as far as pertinent to the question involved here, is as follows:

"To tax, license and regulate auctioneers * * * and brokers: Provided, that the exercise of their powers shall not interfere with sales made by sheriffs," etc.

Chapter 148, Laws 1919, in regard to the same subject, is as follows:

"Section 1.   The city councils of cities and the boards of trustees of towns and villages shall have the power to levy and collect occupation tax upon garages, machine shops, and all other business occupations or professions for which an occupation tax is not otherwise provided by law.

"Such occupation tax shall not exceed one dollar per annum for each one thousand dollars volume per annum of business done, except that a minimum occupation tax of five dollars may be levied herewith and collected.

"Sec. 2.   All acts or parts of acts in conflict herewith are hereby repealed."

From an inspection of the ordinance it is apparent that there is no attempt in it to regulate the business of oil stock salesmen under the police power.   In fact, it is admitted by both sides in this appeal that this ordinance is a revenue measure, intended only for the purpose of raising revenue for the city.   The first statute quoted above gives the general power of cities to license

and regulate. The second one is intended for a revenue measure, and makes no attempt to regulate the business or occupation. The ordinance does not comply with the provisions set out in the statute under which it was passed. Chapter 148, Laws 1919. It fixes the amount of license without regard to the business done as required by the statute, and the quarterly payment is greatly in excess of the minimum allowed by law under the statute.

It is a general rule of law that ordinances must not be inconsistent with the statutes or the general laws of the states, and if they are they will be null and void.

"A municipal corporation can exercise no powers but those which are conferred upon it by the act by which it is constituted, or such as are necessary to the exercise of its corporate powers and the performance of its corporate duties. The principle is derived from the nature of corporations or mode in which they are organized and in which their affairs must be conducted." 2 McQuillin on Municipal Corporations, § 647.

See, also, 1 Dillon on Municipal Corporations, § 237, and volume 2, § 587, and cases cited.

Tested by these principles the ordinance is contrary to and inconsistent with the act from which the power to pass such an ordinance is derived, and is void.

We therefore find that the decision of the district court was erroneous, and the case is reversed; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.