[No. 3135.   Dec. 17, 1928.]

LING v. VILLAGE OF HOT SPRINGS.

[274 Pac. 46.]

H. A. Wolford, of Hillsboro, and D. H. Wolford, of Brawley, Cal., for appellant.

Edward D. Tittmann, of El Paso, Tex., for appellee.

OPINION OF THE COURT

WATSON, J.   Ordinance 27 of the village of Hot Springs, entitled "An ordinance regulating licenses and occupation taxes," by sub-section 4 of section 1, provides:

"Keepers of rooming houses shall pay a license tax of one ($1) dollar on each room."

By section 10 it imposes, for violation, fines of not less than five nor more than one hundred dollars, and imprisonment of not less than one nor more than 60 days.

In the amended complaint this ordinance was pleaded, and it was alleged that appellant was the keeper of a rooming house, and that he had refused to apply for a license or pay the license tax. Judgment was prayed against him for a tax of $1, a clerk's·license fee of 50 cents and $100 penalty. Upon the overruling of appellant's demurrer, judgment was entered for the full amount.

Appellant contends that the only statutory authority for the imposition of an occupation tax by villages is chapter 148, Laws of 1919, and that it will not support a tax not imposed according to the volume of business done, but, as this ordinance attempts, according to the number of rooms operated. This contention seems to be correct, as held by this court in Albuquerque v. Ranger-Desdemona Oil Co., 26 N. M. 434, 194 P. 598.

Counsel for the village contends that the ordinance in question should be considered as regulatory, under the police power, rather than as a revenue measure under the taxation power; and contends that Code 1915, § 3621, will support it. Counsel for appellant contends that this section of the Code is not applicable to·villages.

Section 3621 was originally section 15, c. 39, Laws of 1884, which was a comprehensive act providing for the incorporation of cities and towns. Section 62 of that act classified and designated all municipal corporations having a population of 3,000 or more as cities; all others as towns.

By chapter 32 of the Laws of 1891, provision was made for the incorporation of towns and villages on petition to boards of county commissioners. Such municipal corporations were to have an area of not less than one nor more than two square miles and a population of not less than 500. Specific powers were granted to such towns and villages, and no distinction as to population or otherwise was made between them.

By chapter 46, § 2 of the Laws of 1893 (Code 1915, § 3747), it was provided that all towns and villages incorporated under chapter 32 of the Laws of 1891, should

"have and possess all the general and other powers * * * conferred on incorporated towns for the good government, order and welfare thereof."

A new act (chapter 117) was adopted for the incorporation of villages in 1909. It appears in the 1915 Code as sections 3764-3778. It repealed chapter 32 of the Laws of 1891. It specifies the limited powers which villages now possess, unless they have proceeded under chapter 7, Laws 1919, by taking, verifying, and recording a census, to establish their right to have all the powers and privileges by law granted to incorporated towns." It does not appear that the village of Hot Springs has taken that course.

We do not overlook Laws 1912, c. 67, which amended the repealing section of Laws 1909, c. 117, so that said chapter 32, Laws 1891, should continue in effect as to towns and villages which had been incorporated thereunder. We need not consider it. While it does not expressly appear of record, it is assumed by all concerned, and is no doubt the fact, that Hot Springs was incorporated under the 1909 act.

This review of the legislation would seem to demonstrate that section 3621 does not apply to the village of Hot Springs. But counsel for the village argues that:

"Section 3621 * * * by its terms applies to all municipal corporations; that villages are municipal corporations, and that they are intended by the reenactment of 1915 of this section to be within the meaning of its language."

The answer to this contention is found in the repealing and saving clause of the Code:

."The provisions of the foregoing sections taken or adopted from existing statutes, shall be construed as continuations thereof, and not as new enactments." Code 1915, p. 1665.

That is to say, section 3621 is to be construed as section 15, c. 39, of the Laws of 1884, originally applicable to cities and towns, subsequently extended to towns and villages, and the extension provision repealed when a new village law was enacted.

It is further contended that the police power given to villages is in itself sufficient to sustain the subsection of the ordinance here under consideration. That power is granted by Code 1915, § 3771, which reads as follows:

"That villages incorporated under the preceding sections shall have the power, by ordinance to prevent the presence within their limits of anything dangerous, offensive, unhealthy or indecent and to cause any nuisance to be abated; to regulate the transportation, storage and keeping of gun-powder and other combustibles and explosives, oils, gasoline and other articles which may endanger the property of such village; to prevent fast or immoderate riding or driving through or upon the streets, alleys or public grounds of such village; to establish markets and provide for their regulation and conduct; to prevent riots, disturbances or disorderly assemblages; to suppress and restrain disorderly houses or houses of ill fame and to provide for the punishment of persons who shall violate such ordinances."

We are unable to find anything in this section authorizing the regulation or licensing of rooming houses as such.

It is further pointed out that, by Code 1915, § 3302, a state license tax of $20 per annum was imposed upon "keepers of hotels, inns or restaurants, where food or lodging is provided," and whose annual receipts exceed $1,000 and graduated upwards; and that chapter 63 of the Laws of 1915 makes such license taxes payable to and for cities, and for the purposes of the act, defines cities to include villages. But the amended complaint charges a liability under Ordinance 27, not a liability under chapter 63. Moreover, it fails to allege that the rooming house in question had enjoyed receipts of $1,000, and fails to negative that it is a private boarding house within the definition of § 3302.

It is contended that it cannot be presumed that the license tax prescribed by subsection 4 exceeds the limits of chapter 148 of the Laws of 1919; $1 per thousand of business done, with a minimum of $5. While in a particular case the result under this section might be within the limits imposed, in other cases it might not. The ordinance disregards the allowable basis of taxation. It is inconsistent with the act authorizing occupation taxes, and. consequently, is invalid. Albuquerque v. Ranger-Desdemona Oil Co., supra.

It is finally urged that, since the city had statutory power to tax appellant at least $5, and but $1 is demanded in this suit, it does not appear that his rights are affected by the invalidity of the ordinance. In Asplund v. Alarid, 29 N. M. 129, 219 P. 786, it was said:

"It is not the duty of this or any other court to sit in judgment upon the action of the legislative branch of the government, except when the question is presented by a litigant claiming to be adversely affected by the legislative act on the particular ground complained of."

That principle does not apply in such a case as this. The main element of the judgment recovered against appellant is the penalty of $100 for having violated the ordinance. It cannot be said of one who has been subjected to this penalty that his rights are not affected by the invalidity of the ordinance. If invalid, it will not support the fine or penalty. It must be judged according to its general operation. If invalid in a case where the tax exceeds $5, it is invalid in a case where it is less. Otherwise those operating five rooms or less would be taxed, while those operating six rooms or more would be tax-free. That would be not only discriminatory, but contrary to the intent of both statute and ordinance.

It seems, therefore, that subsection 4 of section 1 of ordinance is invalid. The judgment must be reversed and the cause remanded, with a direction to sustain the demurrer to the amended complaint.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.