[No. 3170.   June 15, 1929.]

THARP v. CITY OF CLOVIS.

[279 Pac. 69.]

See, also, 265 P. 717.

Fitzhugh & Fitzhugh, of Clovis, for appellant.

Otto Smith, City Atty., of Clovis, for appellee.

### OPINION OF THE COURT

SIMMS, J.   In the year 1925, the city of Clovis enacted its Ordinance No. 212, entitled "An Ordinance Fixing License and Occupation Taxes in the City of Clovis, New Mexico, Providing for the Adjustment, Publication and Enforcement (and Revocation thereof) Providing Regulation thereof, and Providing a Penalty and for Other Purposes," and in the same year amended it in certain immaterial matters by Ordinance No. 213.

It is conceded that appellant is interested in five pursuits or occupations affected by the ordinances, and as to them only he was entitled to contest the validity of the city's enactments.   The validity of the ordinances, when applied to other and different pursuits in which appellant did not claim to be adversely affected, or the validity of

the ordinances as a whole, was not before the lower court, and consequently is not here.

■ Did the city of Clovis have the right and au- authority, in the year 1925, to require the payment of, either an annual license or occupation tax in the following sums from the particular occupations named: Cleaning, pressing, and tailoring shop, $25; blacksmith, $5; livery stable (minimum), $15; welding shop, $12; machine shop, $10?

In form, the ordinances apparently were drawn both to license those trades and occupations which may be regulated under the police power, as well as to tax those occupations from which revenue might lawfully be raised in that manner. Combining both purposes in one ordinance did not, of itself, affect its validity. Gundling v. Chicago, 177·U. S. 188, 20 S. Ct. 633, 44 L. Ed. 725; 17 Ruling Case Law, "Licenses," p. 534. If therefore the amounts above specified were lawfully imposed under the one power or the other, the ordinances would successfully withstand appellant's attack. 19 R. C. L., "Muunicipal Corporations," par. 252. Let us first test them by the law governing occupation tax, levied and collected as a revenue measure, as distinguished from a license levied under the police power, hereinafter discussed.

Section 1 of chapter 148 of the Laws of 1919 reads as follows:

"Section 1. The city councils of cities and the boards of trustees of towns and villages shall have the power to levy and collect occupation tax upon garages, machine shops, and all other business occupations or professions for which an occupation tax is not otherwise provided by law. Such occupation tax shall not exceed one dollar per annum for each One Thousand Dollars volume per annum of business done, except that a minimum occupation tax of five dollars may be levied herewith and collected."

■ This statute recognizes the existence of occupation taxes upon certain trades and pursuits previously imposed by law, and, without disturbing them, sought to bring into the field of liability all other occupations which had escaped.

■ The minimum of $5 per annum provided settles the question as to the occupation of blacksmith, taxed at

that sum by the ordinances. We need not examine that particular objection further.

But as to the four other occupations or callings in question here, it is at once apparent that the ordinances do not levy the minimum of $5 nor an amount based on volume of business as required by the Statute. Unless we are able to find either, or all four, of these callings covered by previous legislative enactments, so as to come within the term "otherwise provided by law" at the time the act of 1919 was passed, the levies would be unlawful as occupation taxes. Albuquerque v. Ranger Desdemona Oil Co., 26 N. M. 436, 194 P. 598; Ling v. Village of Hot Springs, 33 N. M. 569, 274 P. 46.

Livery stables are, by section 3302, Code 1915, each assessed at the sum of $10 per annum, as an occupation tax. The use of the term "license" in connection with the act does not affect its evident nature as a revenue measure and an occupation tax instead of a police regulation. The ordinances of the city of Clovis, under examination, impose a minimum of $15 per annum on livery stables, which is in conflict with section 3302, supra. As an occupation tax, then, the levy on livery stables in the ordinances is not authorized. Ling v. Village of Hot Springs, supra. Neither of the other pursuits under consideration seems to have been mentioned in occupation tax statutes prior to the passage of the law of 1919.

We next examine the question of whether or not the four levies mentioned, as to the specific occupations under inquiry, can be justified under the police or regulatory power of the city of Clovis.

We start with the generally accepted doctrine that a municipal corporation has no power to fix and collect a license fee unless the authority to do so has either been expressly granted by the Legislature or follows by necessary implications from the grants made. 17 R. C. L., "Licenses," p. 525, note 17, wherein are collected many cases on the subject.

Paragraph 61, section 3564, Code of 1915, authorizes cities "to tax, license and regulate * * * livery

stables." In the exercise of this power, the city has the right to fix a reasonable sum for the license. There is no claim that the amount imposed by the city of Clovis in the ordinances before us is unreasonable, nor do we perceive any just cause to think it is so. We therefore hold that as a license fee under the police power expressly delegated to the city, in the case of livery stables, the ordinances are not in violation of law. The question of adjusting the license fee in relation to the $10 per annum occupation tax levied by section 3302, Code 1915, is not before us.

■ An examination of paragraphs 4, 33, 63, and 66 of section 3564, Code 1915, discloses a manifest intention on the part of the Legislature to place upon the shoulders of the municipal authorities the duty and power to regulate pursuits which are dangerous in causing and promoting fires. Cleaning, pressing, and tailoring shops, welding shops, and machine shops are each in this class and are the proper subjects of regulatory measures by the city.

■ One of the most generally used methods of exercising this police power and duty is by means of a license fee, laid and collected, not as a revenue measure, but for the purpose of defraying the cost of regulation and to minimize and circumscribe the activities of the pursuits which have a tendency to become dangerous or objectionable. Unless the city, in fixing the amount of the license, acts unreasonably and arbitrarily, of which there is no evidence in the case before us, the regulation is valid. 17 R. C. L., "Licenses," pars. 57 and 60. To the same effect, see also 19 R. C. L., "Municipal Corporations," par. 254, note 14; McQuillin on Municipal Corporations (2d Ed.) par. 1102.

■ There is nothing in the ordinances before us prescribing the rules, regulations, and requirements of the city of Clovis as to the conduct of the several pursuits which are licensed under its police power. There is no bill of exceptions in the record, and we are therefore without the benefit of the testimony which the trial court heard. We assume the city had provided the necessary

regulatory measures by other ordinances, which it might lawfully do.

Basing our decision upon the police powers enumerated above, which the Legislature has granted to cities, and applying them to the three specifically named pursuits before us, each of which has a well-known tendency to create a fire hazard in a city, we hold that when treated as licensing or regulatory measures, and not as occupation taxes, the provisions of the ordinances at bar were valid.

Finding no error in the judgment, the same should be affirmed and the cause should be remanded, and it is so ordered.

WATSON and CATRON, JJ., concur.
BICKLEY, C. J., and PARKER, J., did not participate.