May 12,
1953. } No. 4224.

OPINION OF THE JUSTICES.

■■■■■■■

On April 29, 1953, the House of Representatives adopted the following resolution:

"*Resolved,* that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following question of law:

"Do the provisions of House Bill No. 250, An Act Relative to the License Fees of Milk Distributors, with amendment as adopted, violate the fundamental law of the state with respect to the determination and collection of license fees and the manner in which such revenues are to be spent:

"*Further Resolved,* that the Speaker transmit a copy of House Bill No. 250, with amendment as adopted to the Clerk of the Supreme Court for consideration by said court."

The following answer was returned:

*To the House of Representatives:*

The undersigned, the Justices of the Supreme Court, make answer to your resolution with reference to House Bill No. 250, entitled "An Act Relative to the License Fees of Milk Distributors," with amendment as adopted. 1953 Journal of the House 525-528.

The distinction between excise or occupational taxes which are forbidden here (*Opinion of the Justices*, 95 N. H. 555, and authorities cited) and license fees which may be valid (*Marine Corps League* v. *Benoit*, 96 N. H. 423) is often difficult to determine because each partakes to some extent of the characteristics of the other. Therefore, in order to decide into which category the proposed act falls, it is necessary to discover its basic purpose.

The proposed act would broaden the duties of the Milk Control Board to include promotion, through the activities of a proposed committee, of greater consumption of milk and its products "to the end that such consumption may be encouraged in the interest of public health." *S.* 1.

The license fees imposed on distributors under the present law (R. L. *c.* 196, *s.* 8) would be substantially increased (*s.* 2) and the Board is authorized to pay to the committee "not exceeding sixty per cent of the gross income from licenses" (which would apparently approximate the yield attributable to the increases in fees) to be expended "in disseminating information concerning the use of milk in the interest of public health." *S.* 3.

There can be no quarrel with the proposition that the valid exercise of the police power extends to regulations for the protection of public health. *State* v. *Normand*, 76 N. H. 541; *Chung Mee* v. *Healy*, 86 N. H. 483, 484; *Cloutier* v. *Board*, 92 N. H. 199.

The declared purpose of the proposed act is to protect public health by the promotion of the sale of milk. This is not of itself an invalid purpose. See *Conway* v. *Water Resources Board*, 89 N. H. 346, 350. Validity of the bill, however, must be determined by its essential characteristics rather than its declared purpose. "A State law, although apparently for the protection of the public health, will be scrutinized as to its results in actual practice to ascertain its essential characteristics, and will not be upheld merely because of its declared purpose." *Opinion of the Justices*, 87 N. H. 496, 497. The declared purpose is to be accomplished through funds derived from increases in the license fees presently imposed upon milk distributors, a portion of which may be by them charged back to milk producers (*s.* 2). It is not proposed to impose a tax of general application in the nature of a sales tax (see *Opinion of the Justices*, 94 N. H. 506, 508) nor is there occasion for us to consider the validity of the proposed measure as such a tax, since there is clearly no purpose to regulate by a tax calculated to discourage use of the product involved. *State* v. *Express Co.*,

60 N. H. 219, 258. See *State* v. *Roberts,* 74 N. H. 476, 478. *Cf. Havens* v. *Attorney General,* 91 N. H. 115. The purpose of the bill is quite the opposite of discouragement of consumption of the product which is the subject matter of the bill.

The burden of the measure would fall upon the milk distributor, as a license fee. It is well established under our law that permissible license fees are those which "do not exceed the probable expense of issuing the licenses . . . and regulating the business." *Marine Corps League* v. *Benoit,* 96 N. H. 423, 426, and cases cited. See also, *Opinion of the Justices,* 88 N. H. 497, 499; *State* v. *Cox,* 91 N. H. 137, 144. While such fees are not invalid merely because some surplus revenue is produced (*Opinion of the Justices,* 94 N. H. 501, 504), they must be incidental to regulation and not primarily for the purpose of producing revenue. *State* v. *Angelo,* 71 N. H. 224, 229; *State* v. *Cox, supra.*

The bill concerning which inquiry is now made itself plainly shows that fees are to be increased not primarily to pay the costs of regulation but to establish a fund for advertising. Regulation has been defined as "an exercise of control" (*Cloutier* v. *Board, supra,* 92 N. H. 199, 205), and the imposition of additional fees for the purpose of stimulating milk consumption is not in aid of regulation as the definition is understood.

In essence the bill discloses a purpose to utilize the powers of government to impose upon all distributors an obligation which could be self imposed only by unanimous consent of those concerned. If the increased fee is primarily for the benefit of those interested in the sale of milk, the bill is invalid because it seeks to use the power of government for the purpose of imposing upon all concerned the will of some. *Opinion of the Justices,* 95 N. H. 555. If the increase in fees is primarily for the promotion of public health, it is invalid because it would impose a discriminatory tax, in excess of the cost of regulation, upon a select group rather than upon all who should bear the burden equally. *Opinion of the Justices,* 97 N. H. 546, 548. In the case of an act similar to the proposed bill, which was passed in the State of Maine to promote the potato industry and the "welfare" of the State (R. S. of Me., 1944, c. 14, s. 206), the court said of the law, "It is an excise tax . . . and is clearly imposed as an excise tax." *State* v. *Vahlsing, Inc.,* 147 Me. 417, 420. We believe that the proposed legislation possesses essentially the characteristics of an excise or occupational tax and

would, therefore, be unconstitutional. *Opinion of the Justices,* 95 N. H. 555, *supra,* and authorities cited.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
JOHN R. GOODNOW.

May 12, 1953.

*Gordon M. Tiffany* (by brief and orally), for the bill.

*Hilda Brungot* (orally), for distributors, milk dealers and farmers in the Berlin territory, opposed.