359 P.2d 769

**CITY OF LOVINGTON, Plaintiff-Appellee,**

v.

**F. W. HALL, Defendant-Appellant.**

**No. 6758.**

Supreme Court of New Mexico.

Feb. 17, 1961.

144

Robert W. Ward, Lovington, for appellant.

Hammel Carrell, Lovington, for appellee.

NOBLE, Justice.

Appellant was convicted in municipal court of operating music machines and pinball machines within the city of Lovington without a license, in violation of Ordinance 132, from which he appealed to the district court. The district court found that the ordinance levying a license fee was a valid

exercise of the police power conferred by statute, sustained the municipal court, and he again appealed.

The ordinance names some 50 specific occupations, trades, pursuits and enterprises, including appellant's subject to licensing by the city. Appellant had placed 30 coin operated machines, including 18 music machines and 12 pin-ball machines in various places throughout the city. The license fee on each machine is $12.

The pertinent provision of the applicable statute, § 14-42-8, N.M.S.A. 1953 Comp., authorizing licensing by municipalities reads:

"The legislative or governing bodies of cities, towns and villages shall have the power to license and regulate * * * provided that as to such occupations * * * the governing body of the city, town or village, shall, by ordinance declare that the licensing or regulation thereof is conducive to promotion of the health and general welfare of such city, town or village; and shall have the power to fix the license to be paid thereon or therefor, and may impose a separate license on each place of business conducted or maintained by the same person, firm, association or corporation."

It is fundamental that an ordinance as well as a statute, is presumed to be valid and that one who attacks it has the burden of establishing its invalidity.

Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41; City of Alamogordo v. McGee, 64 N.M. 253, 327 P.2d 321; City of Chicago Heights v. Western Union Tel. Co., 406 Ill. 428, 94 N.E.2d 306; Adams v. City of New Kensington, 357 Pa. 557, 55 A.2d 392. There can be no question that the municipality has power, under the statute, to regulate and to charge a license fee which does not exceed the probable expense of issuing the license and of regulating the business. City of Albuquerque v. Ranger Desdemona Oil Co., 26 N.M. 434, 194 P. 589; Tharp v. City of Clovis, 34 N.M. 161, 279 P. 69. The mere fact that such license fees produce some excess revenue does not render the ordinance invalid, but they must be "incidental to regulation and not primarily for the purpose of producing revenue." Opinion of the Justices, 98 N.H. 527, 96 A.2d 733, 734; City of Chicago Heights v. Western Union Tel. Co., supra; Walker, Jr. v. City of Morgantown, 137 W.Va. 289, 71 S.E. 2d 60. And the license fee which a municipality may exact must bear some reasonable relation to the added burden and expense to the city by reason of such regulation. Larson v. City of Rockford, 371 Ill. 441, 21 N.E.2d 396; Lamere v. City of Chicago, 391 Ill. 552, 63 N.E.2d 863.

The Lovington Ordinance recites:

" * * * it being hereby declared that the licensing and regulation of same is conducive to promoting of the health and general welfare of the city."

It is said that by inclusion of the welfare clause the legislative body of the municipality has declared its purpose to exercise its police power and that such clause could have no purpose in a revenue measure. It is true that the declared purpose of legislation is to be given consideration in aid of interpreting the purpose, reason, or occasion for the statute or ordinance. Continental Oil Co. v. City of Santa Fe, 25 N.M. 94, 177 P. 742, 3 A.L.R. 398. Nevertheless, even though its declared purpose be for the exercise of the police power, the whole act will be examined to ascertain its characteristics and to determine whether there is actually an exercise of that power. It will not be upheld merely because of its declared purpose. Opinion of the Justices, (N.H.), supra.

That the purpose of the proper exercise of the police power must appear from the body of the act and not from a mere legislative declaration of purpose by the welfare clause is demonstrated in Lochner v. State of New York, 198 U.S. 45, 25 S.Ct. 539, 543, 49 L.Ed. 937, where it was said:

"The claim of police power would be a mere pretext,—become another and delusive name for the supreme sovereignty of the state to be exercised free from constitutional restraint."

The question here is whether the appellant's, or in fact any occupation, business, or trade required to be licensed by the ordinance was actually regulated. We said in City of Albuquerque v. Ranger Desdemona Oil Co., supra, that there must be regulation in order to collect a license fee, and in Tharp v. City of Clovis, supra, we stated that the regulatory provisions could be included in an ordinance separate from the one fixing the license.

Appellant, recognizing our holding in Tharp v. City of Clovis, supra, that in the absence of proof to the contrary we would assume that regulatory measures were provided by other ordinances, established by the testimony of the city clerk that no other ordinance provided for regulation of coin-operated music machines or pin-ball machines and that the work involved or cost to the city of issuing a license to appellant was no greater than that involved in the collection of an occupation tax.

Regulation has been defined as "an exercise of control." Cloutier v. State Milk Control Board, 92 N.H. 199, 28 A.2d 554, 558. It is said that section 13 of the Lovington ordinance calls for such regulation as to make the ordinance a valid exercise of the police power. It reads:

"Section 13: Revocation of Licenses—The City Commission may, when any person, firm or corporation holding a license under the provisions hereof has been adjudged guilty of violating any City ordinance in relation hereto by any court of competent jurisdiction, revoke the license, and may, in the judgment of the City Commission

whenever the public welfare shall require it, revoke any license issued hereunder, after due notice and hearing as provided in Section 12."

We could agree except for the fact that, as has been pointed out, there are no other ordinances in any way prescribing rules, regulations or conduct for any business named, for the violation of which the owner or operator could be adjudged guilty, and to our minds the provision permitting the City Commission to revoke a license whenever, in the judgment of the Commission, the public welfare shall require it, is too indefinite and uncertain to be considered as a regulation, if indeed it is a valid ground for revocation. Thrift Hardware & Supply Co. v. City of Phoenix, 71 Ariz. 21, 222 P. 2d 994, 22 A.L.R.2d 810. That appears to leave only the failure to pay the required license fee as a violation.

We find nothing in the ordinance requiring any policing of the licensee's business, nor requiring any inspection of either the music or pin-ball machines, nor regulating or controlling the type of music that may be played, nor anything whatever regarding any regulation or exercise of control over such business.

While not cited in the briefs, we have noted Marine Corps League v. Benoit, 96 N.H. 423, 78 A.2d 513, 515, as appearing to support appellee's position. However, it is distinguishable on its facts. There the court said at the outset that "the purpose of the ordinance is shown by its section 3." It provided for revocation of the license if lewd or indecent recordings were played, did prescribe rules of conduct for violation of which the license should be revoked, and the court held that this was an exercise of control and that this provision implied a duty to inspect and supervise.

While other trades or enterprises named in the ordinance are not specifically the subject of inquiry in this action, the ordinance as a whole may, nevertheless, be examined as an aid in determining the characteristics of the ordinance. Section 11 sets forth the occupations, trades and pursuits to be licensed and fixes the fee for each one. To point only to a few illustrations, the license fee for drays and delivery trucks, is $5 per year but for delivery trucks of wholesale houses located outside the city delivering at retail, the fee is $50. We find no regulation, inspection or duty imposed upon any officer indicating any increased cost or burden to the city with respect to the nonresident wholesaler. In certain instances the license fee is based upon the price of admission charged, while the fee for trailer courts is determined by the number of trailers accommodated. Bowling alleys are charged $25 per year. We do not mean to hold that proper classifications cannot be made if the license fee appears to bear some reasonable relation to an increased cost or burden to the municipality by reason of the regulation or exercise of control. In the

absence of any specific duty imposed on any officer or employee of the city with respect to such regulation or of any regulations or rules of conduct for such business it is apparent that the ordinance, notwithstanding inclusion of the welfare clause, was enacted as a revenue measure and as such is invalid. Barron v. City of Minneapolis, 212 Minn. 566, 4 N.W.2d 622; City of Albuquerque v. Ranger Desdemona Oil Co., supra; Tharp v. City of Clovis, supra.

It is well established that where a municipality is authorized to regulate and to require those regulated to obtain a license, the municipality may charge a reasonable fee to cover the labor and expense of issuing it, and for the services of those required to perform some duty in connection with the regulation or conduct of the business, and for other expenses directly or incidentally imposed by the ordinance requiring the license or by some other ordinance of the municipality.

Finding error in the record the judgment is reversed and remanded with instruction to dismiss the complaint. It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., dissenting.

COMPTON, Chief Justice (dissenting).

The majority says that the question is whether appellant's business, required to be licensed by the ordinance, was actually regulated, and they rely upon our own cases, City of Albuquerque v. Ranger Desdemona Oil Co., 26 N.M. 434, 194 P. 589 and Tharp v. City of Clovis, 34 N.M. 161, 279 P. 69, 71, to reverse the judgment.

The cases are readily distinguishable. In the former, the ordinance did not set out a single regulation and counsel agreed that the ordinance was a revenue measure. In such circumstance, what else was the court to do but invalidate the ordinance? The Tharp case, supra, while holding regulations could appear in another ordinance, held:

"Basing our decision upon the police powers enumerated above, which the Legislature has granted to cities, * * * *we hold that when treated as licensing or regulatory measures, and not as occupation taxes, the provisions of the ordinances at bar were valid.*" (Emphasis ours.)

Clearly, the ordinance in question was and had been treated as a licensing and regulatory measure and not as a revenue measure only, because it does license and regulate. Section 10 makes it unlawful to engage in the business in question without a license. Section 12 authorizes the city to refuse a license whenever it is deemed to be to the best interest of the public. Section 13 provides that the city may revoke the license for certain offenses when the public welfare requires it. Section 16 provides for penalties. Section 20 provides for a lien and its foreclosure.

149

I pose two questions which I believe point up what I believe to be the fallacy of the majority opinion; first, do such provisions have a place in a revenue measure, and second, if the ordinance should have contained further regulations, how much and what? The appellant did not tell us, nor does the majority opinion say.

The foregoing regulations suffice to illustrate that the ordinance is essentially a regulatory and not a revenue measure. The majority having concluded otherwise, I respectfully dissent.

CHAVEZ, J., concurs.