376 P.2d 183

The **TOWN OF MESILLA**, a New Mexico Municipal Corporation, Plaintiff-Appellant,

v.

**MESILLA DESIGN CENTER AND BOOK STORE, INC.**, a New Mexico Corporation, and Robert E. Stovall and Ruth Stovall, d/b/a **La Joya Gift Shop**, Defendants-Appellees.

No. 7053.

Supreme Court of New Mexico.

Nov. 13, 1962.

J. R. Crouch and E. E. Triviz, Las Cruces, for appellant.

William W. Bivins and Mary Simpson Goggin, Las Cruces, for appellees.

CHAVEZ, Justice.

Suit was filed in district court on December 2, 1960, by plaintiff-appellant, The Town of Mesilla, hereinafter referred to as The Town of Mesilla, against defendant-appellees, Mesilla Design Center and Book Store, Inc., hereinafter referred to as appellee Design Center, and Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, hereinafter referred to as appellee La Joya Gift Shop, to enforce one of its municipal ordinances. The case was tried by the court without a jury who, after making its findings of fact and conclusions of law, entered judgment for appellees, Design Center and La Joya Gift Shop, dismissing The Town of Mesilla's complaint. From this judgment the Town of Mesilla appeals.

The Town of Mesilla relies on the following points to support its appeal:

"I.    That the trial court erred in giving its findings of fact numbers 5, 6, 7, 9, 10, 12 and 13 for the reason that such are unsupported by the competent, substantial and only evidence introduced at trial and that such findings are immaterial to issues properly before the court.

"II.    That the trial court erred in refusing to give plaintiff's requested findings of fact numbers 4, 5, 6, 7, 8, 9 and 12 for the reason that such are supported by the competent, substantial and only evidence introduced at trial and that they are material to issues and are supported by the law.

"III.    That the trial court erred in refusing to grant plaintiff's requested conclusions of law numbers 1, 2, 3 and 4, and erroneously concluded that the plain-

tiff's complaint should be dismissed."

The ordinance in question, Chapter No. 1, Ordinance No. 7, of the Town of Mesilla, was enacted August 4, 1959, by its mayor and board of trustees, and imposed a license fee on:

"curio shops, gift shops, souvenir shops, tourist shops, indian goods shops, pottery shops, ceramic shops, art shops, design centers, glass shops, dress shops,"

and purported to regulate "the pursuits, vocations and trades" therein named.

The trial court made the following pertinent findings of fact, among which are those attacked by The Town of Mesilla, each of which is indicated by an asterisk:

* "5.  That the defendants, Mesilla Design Center, Inc., and Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, are not named or specified as businesses to be regulated under Section 14–42–8, New Mexico Statutes Annotated, 1953 Compilation.

* "6.  That the Mesilla Design Center, Inc., and Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, have not been regulated within the meaning of Section 14–42–8, New Mexi-

co Statutes Annotated, 1953 Compilation.

* "7.  That Chapter 1, Ordinance 7 of the Town of Mesilla does not comply with the requirements as set forth in Section 14–42–8, New Mexico Statutes Annotated, 1953 Compilation, and contains no regulatory clause.

"8.  Under the provisions of such ordinance, there was imposed on certain classes of businesses a license fee in the amount of one per cent (1%) of the gross income of such businesses.

* "9.  That the plaintiff, the Town of Mesilla, has not regulated the business of the Mesilla Design Center, Inc., or the business of Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop.

* "10.  That the businesses engaged in by the defendants, the Mesilla Design Center, Inc., and Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, are not businesses susceptible of regulation under the police power of the municipality.

"11.  That the plaintiff, the Town of Mesilla, has an occupation tax ordinance enacted in accordance with Section 14–42–7, New

Mexico Statutes Annotated, 1953 Compilation.

* "12. That the Mesilla Design Center, Inc., and Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, are businesses covered by Section 14–42–7, New Mexico Statutes Annotated, 1953 Compilation.

* "13. That the business of the Mesilla Design Center, Inc., and the business of Robert E. Stovall and Ruth Stovall, d/b/a La Joya Gift Shop, does not impair nor is it in any way detrimental to the health or general fare of the Town of Mesilla.

"14. That the defendants, and each of them, operate the type of business set forth and classified under Chapter 1, Ordinance 7 of the Town of Mesilla.

"15. That the defendants, and each of them, tendered a form to the Town Clerk for an occupational license or tax for the year of 1960, and such tender was refused and the defendants have never received a license under the provisions of Chapter 1, Ordinance 7, and do not now have any type of license for the conduct of business within the municipal limits of the Town of Mesilla.

"16. That the defendants, and each of them, have failed and refused and still fail and refuse to secure the license provided for under the provisions of Chapter 1, Ordinance 7 of the Ordinances of the Town of Mesilla."

We note that one of the defendants, Mesilla Design Center, Inc., was improperly designated as "Mesilla Design Center and Book Store, Inc.," but the trial court found it had jurisdiction of said defendant.

The trial court concluded:

"That the Plaintiff's complaint against the defendants should be, and hereby is, dismissed.

"Dated this 4th day of May, 1961."

At no place in its brief does The Town of Mesilla set out the text of its requested findings of fact or conclusions of law. The court's entire findings of fact and conclusions of law are set out as the statement of facts in The Town of Mesilla's brief and nowhere else. In Bogle v. Potter, 68 N.M. 239, 360 P.2d 650, we held that it is necessary, in order to comply with our rules, to set out findings of fact and conclusions of law under the point wherein they are attacked. Each point must pre-

sent a legal proposition and be supported by legal authority and argument. Lea County Fair Ass'n v. Elkan, 52 N.M. 250, 197 P.2d 228. Nor may appellant attack the court's findings and conclusions generally. Hugh K. Gale, Post No. 2182 Veterans of Foreign Wars v. Norris, 53 N.M. 58, 201 P.2d 777. For these reasons we need not consider The Town of Mesilla's contentions. However, because of the importance of the question of whether The Town of Mesilla had the legal power to enact the ordinance, not only to The Town of Mesilla but to other cities and towns within the state, we have decided to consider the case on its merits. We are aided by two factors in making this decision and are not actually forced to search the record. The Town of Mesilla did set out all of the trial court's findings and conclusions under its statement of the facts. Appellees, Design Center and La Joya Gift Shop, in their brief have supplied many, if not all, of the deficiencies otherwise existing in The Town of Mesilla's brief. Therefore, despite the difficulties always present when this court's rules have not been followed, we have been able to decide the case on its merits.

■ The powers of a municipal corporation are derived solely from the state. Munro v. City of Albuquerque, 48 N.M. 306, 150 P.2d 733. Since the ordinance in question is purported to have been enacted under its police power to license and regulate the activities of its citizens, we examine the only source from which The Town of Mesilla could have obtained such power. Section 14–42–7, N.M.S.A., 1961 Pocket Supp., governing cities, towns and villages, reads as follows:

"The legislative or governing bodies of cities, towns, villages, whether incorporated under general act, special act, or special charter, and H class counties shall have the power to impose an occupation tax upon telegraph companies, telephone companies, electric light and power companies, street railway companies, heating companies, railway express companies, gas companies, power companies and cold storage and refrigeration companies, manufacturers, wholesale and retail merchants of all kinds, commission merchants, coal dealers, ice dealers, lumber dealers, ice cream dealers, milk dealers, live stock dealers, produce dealers, dealers in goods and wares of every kind and character, mercantile agencies, real estate agents, claim agents, adjusters and collectors, financial agents, rental agents and agent and agencies of every kind and character, brokers of every kind and character, abstractors of land titles, guarantors of land titles, bankers, banking corporations, trust companies, investment companies, building companies, loan companies, surety companies, bonding companies, brokerage companies, news-

paper publishers, publishing companies, publishing houses, printing establishments, electrical supply companies, oil companies, mining companies, new and secondhand automobile companies, automobile agencies, garages and repair shops, manufacturing and other corporations, institutions or establishments; poles and wires or conduits and wires of telegraph, telephone, electric light, street railway and electric and power companies; lawyers, doctors, dentists, druggists, confectioners, photographers, undertakers, storage and transfer houses, and sales of unclaimed goods by express companies and common carriers; theatres, permanently located and operated for exhibitions of moving, screen and sound pictures and stage and operatic performances or any of them; and to impose an occupation tax on all occupations, professions, trades, pursuits, or corporations and other institutions and establishments, utilities and businesses of whatever name or character, like or unlike and not enumerated in or provided for under section 14–42–8."

Section 14–42–8, N.M.S.A., 1953 Comp., governing cities, towns and villages, provides:

"The legislative or governing bodies of cities, towns and villages shall have the power to license and regulate dealers in second-hand goods, junk dealers, loan agents and agencies, private detectives, private detective agencies, pawnbrokers, amusement ticket brokers, gasoline and oil filling stations, public lecturers, itinerant doctors or dentists, corn doctors, masseuers, itinerant peddlers and vendors of all kinds, private hospitals of all kinds, barber shops, hair dressing establishments, bathhouses, hotels, auto camps, tourist camps, cottage camps and camp grounds, taverns, boarding-houses, meat markets and shops, dairies, traveling shows, circuses, parades, itinerant operatic and theatrical and other public exhibitions, amusements, concerts, theatrical agencies, amusement parks, balls, pavilions or devices, amusement shows, cattle shows, horse shows, automobile shows, dog shows, fairs and amusements generally, menageries, museums, carnivals, sparring exhibitions, equestrian exhibitions, skating rinks, wrestling exhibitions and contests, public dances, dance halls, shooting galleries, fortune tellers, clairvoyants, palmists, billiard and pool hall parlors, billiard and pool tables, marble tables, pinball tables and other tables and instruments used for amusement, pin alleys, ball alleys, omnibuses, drays, trucks, job wagons and other vehicles used for hire, hawkers, hucksters, peddlers, auction house proprietors, auctioneers, keepers of street stands, bill posters, bill

boards and advertising signs, bill posting companies, public scales, slot weighing machines, automatic selling machines or devices, slot machines, gift enterprises not forbidden by law, soft drink parlors, cigar and cigarette stores and stands, taxis, taxi stands and companies, transfer companies and phrenologists, and license and regulate all occupations, professions, trades, pursuits, corporations and other institutions and establishments, articles, utilities not heretofore enumerated in this section of whatever kind and character, provided that as to such occupations, professions, trades, pursuits, corporations and other institutions and establishments, articles, utilities and commodities not specifically enumerated in this section, the governing body of the city, town or village, shall, by ordinance declare that the licensing or regulation thereof is conducive to promotion of the health and general welfare of such city, town or village; and shall have the power to fix the license to be paid thereon or therefor, and may impose a separate license on each place of business conducted or maintained by the same person, firm, association or corporation. Provided, however, that no occupation, profession, trade, pursuit, corporation or other institution or establishment, article, utility, or commodity, shall be required to pay any license hereunder if named or specified or if currently paying or assessed an occupation tax under section 14–3807 [14–42–7] hereof."

The legislative purpose implicit in these statutes is shown by: The categories enumerated; the requirement of § 14–42–8, supra, that an ordinance passed under its authorization shall declare the licensing or regulation to be conducive to the promotion of the health and general welfare of the municipality enacting it; and the declaration by § 14–42–8, supra, that it is not to be used as a means of double taxation of those businesses covered by the occupation tax imposed by § 14–42–7, supra.

■ Occupations in no way affecting the safety, health, morals, or general welfare of a municipality will not undergo metamorphosis, merely by the recitation of these words.

"* * * Nevertheless, even though its declared purpose be for the exercise of the police power, the whole act will be examined to ascertain its characteristics and to determine whether there is actually an exercise of that power. It will not be upheld merely because of its declared purpose. * * *"

City of Lovington v. Hall, 68 N.M. 143, 359 P.2d 769. Otherwise, as stated in Lochner v. New York, 198 U.S. 45, 25 S. Ct. 539, 49 L.Ed. 937, and cited with approval in City of Lovington v. Hall, supra:

"The claim of the police power would be a mere pretext,—become another and delusive name for the supreme sovereignty of the state to be exercised free from constitutional restraint."

The question involved in this case was determined by this court in City of Lovington v. Hall, supra, wherein an ordinance similar to the instant one was held invalid as imposing a tax for revenue purposes rather than being a regulatory measure as evisioned by § 14–42–8, supra. The dissent in the Lovington case listed the pertinent provisions of that ordinance, including sections which made it unlawful to engage in the business in question without a license, authorized the city to refuse a license whenever it was deemed to be in the best interest of the public, gave the city the power to revoke licenses for certain offenses when the public welfare required it, and provided for penalties, liens, and foreclosures of such liens. The majority held:

"* * * In the absence of any specific duty imposed on any officer or employee of the city with respect to such regulation or of any regulations or rules of conduct for such business it is apparent that the ordinance, notwithstanding inclusion of the welfare clause, was enacted as a revenue measure and as such is invalid. * * *"

The ordinance herein involved provides in Sec. 7–101 that its purpose is to promote the health, safety, morals and general welfare of the town, and that all persons engaging in such businesses shall obtain a license therefor. Section 7–102 provides that any person, firm or corporation shall first obtain a license by making applications on forms furnished by the town clerk before engaging in such business. Section 7–103 provides that the license fee shall be one per cent of the gross annual business done by such person, firm or corporation. Section 7–104 provides that the payment shall be made monthly and filed with the clerk not later than the 15th day of the month following the reporting period. Section 7–105 provides that the person making a false statement shall be guilty of a misdemeanor and whenever, in the judgment of the board of trustees, the public welfare shall require, such license may be revoked. Section 7–107 provides that any person violating any provision of the ordinance shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined not less than $25 and not more than $300.

■ The instant ordinance is not distinguishable from the ordinance involved in City of Lovington v. Hall, supra, and upon the authority of that case, we hold that the ordinance involved in this case

is invalid. The action of the district court is affirmed.

IT IS SO ORDERED.

COMPTON, C. J., and MOISE and NOBLE, JJ., concur.

CARMODY, Justice (concurring specially).

Although I agree with the majority that the ordinance involved is invalid, I do not believe that it should be determined on the basis of City of Lovington v. Hall, 1961, 68 N.M. 143, 359 P.2d 769.

Quite obviously, the ordinance is deficient in failing to provide for regulation as we determined in the Lovington case. Nevertheless, the Lovington case concerned a tax on coin-operated machines, which are specifically mentioned in § 14-42-8, N.M.S.A., 1953 Comp., whereas the instant case is an attempt to license a type of business expressly mentioned in § 14-42-7, N.M.S.A., 1953 Comp., namely, "wholesale and retail merchants of all kinds."

Inasmuch as the business here involved is particularly named or specified in § 14-42-7, it may not be taxed under the plain provisions of the last sentence of § 14-42-8. In other words, the legislature has authorized, in effect, the imposition of an occupation tax upon the type of business operated by the appellees, but has provided that they may not be licensed or regulated otherwise by the municipality.

In my judgment, therefore, the case should be determined purely on a basis of statutory construction. The two statutes are plain and unambiguous, making reliance upon the Lovington case unnecessary. The ordinance is invalid on its face, and no regulatory provisions, even if enacted, could make it otherwise. The appellant has only those powers granted to it by the legislature. Here, the authority to license, other than by the imposition of an occupation tax, is not granted and, on the contrary, is expressly prohibited; therefore, further consideration of the ordinance is unnecessary.

For the reasons stated, I cannot concur in the opinion of the majority, but do concur only in the result.