399 P.2d 400

**A. Lee IRWIN, Plaintiff-Appellee,**

v.

**Clyde LAMAR, Defendant-Appellant.**

**No. 7505.**

Supreme Court of New Mexico.

Dec. 14, 1964.

Rehearing Denied Feb. 22, 1965.

B. J. Baggett, Farmington, for appellant.
McAtee, Toulouse, Marchiondo, Ruud &

Gallagher, Mary C. Walters, Albuquerque, for appellee.

NOBLE, Justice.

Appellant (defendant below) seeks reversal of a judgment against him for $2,500.00, representing part payment of the purchase price of certain trucks.

■ Appellant asserts six specific points for reversal. However, his initial point:

"That the court erred in granting judgment to A Lee Irwin, the original plaintiff in this case[,]"

and his third point:

"That the court erred in granting judgment to Meadowdale, Inc.[,]"

fail to submit an issue for our determination. We have consistently indicated that Supreme Court Rule 15(14) (§ 21–2–1(15) (14), N.M.S.A.1953), requiring a statement of the points relied upon for reversal, does not contemplate such a general attack as appellant makes here, but demands the errors claimed to be specifically stated and argued. See Petty v. Williams, 71 N.M. 338, 378 P.2d 376; Town of Mesilla v. Mesilla Design Center & Book Store, Inc., 71 N.M. 124, 376 P.2d 183.

■ Appellant complains that a finding that plaintiff Irwin was the sole agent of Meadowdale, Inc. has no substantial support in the evidence. The attack on the finding, however, will not be considered on appeal because of the failure to make references to the record where the testimony pertaining thereto is found, as required by Supreme Court Rule 15(6) (§ 21–2–1(15) (6), N.M. S.A.1953). We will not search the record to find the testimony. Bogle v. Potter, 68 N.M. 239, 360 P.2d 650, 654. Failure to follow proper appellate procedure precludes our review of the questions argued. Swallows v. Sierra, 68 N.M. 338, 362 P.2d 391.

■ Even if testimony that plaintiff Irwin was the sole stockholder of Meadowdale, Inc. was erroneously admitted, it was harmless because no finding of fact was made by the trial court based upon the testimony complained of. An appellate court does not correct harmless error. Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546; Southern California Petroleum Corp. v. Royal Indem. Co., 70 N.M. 24, 369 P.2d 407. Neither lack of support for the judgment by requisite findings of fact nor the refusal to adopt requested findings are raised by points and those issues are, therefore, not before us.

■■ Finally, it is contended that creditors of Meadowdale, Inc. are indispensable parties. The contention is without merit. Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257, does not require creditors of the corporation to be parties to the action, for,

even if there are such creditors, the granting of relief to Meadowdale, Inc. would not adversely affect their rights. See Walrath v. Board of Com'rs of Valencia Co., 18 N.M. 101, 134 P. 204; Sellman v. Haddock, 62 N.M. 391, 310 P.2d 1045. Creditors of a plaintiff to an action are not indispensable parties thereto merely because they may have a right to subject a possible recovery by such plaintiff to payment of their accounts. For a discussion of indispensable parties, see Sproles v. McDonald, 70 N.M. 168, 372 P.2d 122.

The judgment should be affirmed. It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

## ON MOTION FOR REHEARING

NOBLE, Justice.

Appellant, for the first time on rehearing, asserts a lack of jurisdiction in the trial court because of failure to allege an indebtedness owing to Meadowdale, Inc. The contention is without merit. The court permitted an amendment to the pleadings to conform to the evidence. The complaint will be treated in all respects as so amended, and a failure to formally amend the pleadings does not affect the result of the trial on such issues. Rule of Civil Procedure 15(b) (§ 21–1–1(15) (b), N.M.S.A. 1953). See Posey v. Dove, 57 N.M. 200, 257 P.2d 541. The motion for rehearing is denied.

CARMODY, C. J., and CHAVEZ, J., concur.