Charles A. Loreto, J.
This is a proceeding for dissolution of a corporation pursuant to section 103 of the General Corporation Law. The corporation is engaged in the commercial photography business.
The proceeding was commenced by petitioner, the owner of 50 shares of the outstanding stock. The remaining 50 shares of the outstanding stock are owned by Giae Vincent Casale. Both petitioner and Casale are the only officers and directors of the corporation. Although the certification of incorporation provides for a minimum of three directors, only the two parties hold such office. Because of irreconcilable differences between them, there is a deadlock in the election of a third director since the parties as sole stockholders in the corporation cannot agree on a third director.
In June, 1960, as a result of a series of these disagreements and unresolved differences, they entered into a written agreement whereby for a period of three months they agreed to go their separate ways in the conduct of their occupation, except for servicing customers who were customers of the corporation and those who would continue to engage the “ joint services ” of the parties through the corporate entity. This practice they have continued to date. The assets of the corporation are now jointly used by the parties in their separate and individual commercial photographic arts. The rent of the premises (under lease to the corporation), and the maintenance expenses are shared equally.
It appears that the corporation is used by strained consent of the parties as an instrument chiefly to conduct their separate *700 businesses and to a limited extent some corporate work. It is not functioning as the principals had hoped it should but it cannot be said that it has ceased functioning or that its corporate functioning has unalterably and completely been thwarted. Moreover, its present activities have not been spelled out to be beyond the scope of its corporate powers.
On what is now presented the court cannot find that the directors are “ equally divided respecting the management of its affairs ”, for the fact is that they have reluctantly agreed and continued by acquiescence in a method of managing the corporate affairs — to be sure in a stifled manner. This therefore does not strike the court as the statutory basis for granting the relief.
The statute provides an alternative basis for the presentation of a petition of dissolution, i.e., ‘ ‘ if the votes of its stockholders are so divided that they cannot elect a board of directors ”. Here the two stockholders have been unalterably divided so that they have been unable to elect a third director. This has been the basic source of difficulty in permitting the corporation to operate fully and healthfully. Now these two parties are virtually under each other’s yoke and as a consequence the corporate functioning has been reduced to the minimal. Disagreements and difficulties now stifling the corporate activities could and would be resolved if there were a third director. The impasse because of the failure and inability of the parties to elect a third director so as to constitute a board of directors as required by law and authorized by the corporate charter, has created a situation that appeals to the court’s discretion under the facts of this case, to warrant the granting of the petition. The application is granted.