376 P.2d 180

Sidney **COVINGTON**, Plaintiff-Appellant,

v.

**RUTLEDGE DRILLING COMPANY**, Employer, and the Travelers Insurance Company, Insurer, Defendants-Appellees.

No. 6925.

Supreme Court of New Mexico.

Nov. 13, 1962.

Smith, Kiker & Kitts, John H. Stewart, Richard Ransom, Albuquerque, for appellant.

Seth, Montgomery, Federici & Andrews, Fred C. Hannahs, Santa Fe, for appellees.

CARMODY, Justice.

Covington, as claimant, appeals from the denial of any award for workmen's compensation.

The findings of fact by the trial court are in no sense attacked, except No. 8, which will be set out in full hereafter. Otherwise, the facts as found by the trial court may be summarized as follows:

Covington was a roughneck, employed by the defendant drilling company at various locations. He had been working on a drill site approximately seventy miles from Farmington on the day of the accident in question. The shortest route from Farmington (where the men lived) to the drill site required that the crews drive to the north side of a river, then crossing the river on a footbridge and using another car which has been termed as a shuttle car, to drive the three-to-five miles from the river to the drill site. The shuttle car in this instance was owned by the driller of the crew with which Covington worked, and the driller was paid $5.00 a day by the company for the use of his car by the three drilling crews employed on the rig. Bailey, the driller, was responsible for seeing that his crew reported for work on time, but it was not his responsibility to furnish transportation for them. However, the Rutledge Company paid Bailey $5.00 a day to defray the expenses of his crew between Farmington and the footbridge. The members of the crew alternated in furnishing cars, and Bailey would pay each of them the $5.00 for the day when the individual furnished his car.

On the day of the accident, the work at the drill site had been completed. On this particular day, the crew had ridden from Farmington to the footbridge in Bailey's other automobile and Bailey asked one of the other members of the crew to drive the shuttle car back to Farmington for him. The other member declined to do so and claimant was then asked by Bailey to drive the car back. Covington accepted, and another member of the crew accompanied him in the shuttle car. The route to be taken by the shuttle car was not the same as that taken in ordinary travel by the crews to and from the site—actually, it was some thirty or forty miles longer. In any event, the shuttle car broke down approximately halfway back to Farmington, and Covington and his companion caught a ride with a passing truck. Before reaching Farmington, Covington saw Bailey returning in the direction of the drill site, stopped him and explained that the car had become inoperable. Bailey was returning to find out what had happened to the car, and asked Covington and his companion to return to help him get the car back to Farmington. They complied, but when they reached the place where the car had stalled and were attempting to fix it, a car driven by an Indian col-

lided with one of the cars and, as a result, Covington was seriously injured.

The trial court made certain specific findings, as follows:

"7. That at the time of the accident, the claimant was doing nothing in furtherance of the business of the employer, Rutledge Drilling Company.

"8. That the driller, Bailey, had no authority from his employer to order or direct the claimant to deliver the shuttle car back to Farmington on behalf of the employer.

\* \* \* \* \* \*

"11. That the claimant's return from Kirtland to the scene of the accident was not in furtherance of the employer's business but was for the purpose of assisting Mr. Bailey in his individual capacity.

"12. That it was not the duty of the claimant to his employer to return to the scene of the accident or to help get the shuttle car back to Farmington.

"13. That the claimant did not receive any pay nor was any agreement entered into that he should be paid for returning the shuttle car from the rig site to Farmington.

"14. That Mr. Bailey did not receive any payment, nor was any agreement entered into that he should be paid, for either bringing the shuttle car from Farmington to the rig site or returning it to Farmington."

■ None of the above findings are attacked, other than No. 8. It requires no citation of authority that the findings of the trial court which are not attacked must be accepted by us as the facts of the case.

Even as to the finding attacked, nowhere does it appear that Bailey had actual authority to direct Covington to deliver the shuttle car. An examination of the entire record fails to disclose any evidence of Bailey's authority from the company to deliver the car back to Farmington. Of course, Bailey was the driller, or the foreman of the crew, and naturally had implied authority to direct the crew to do those things which were required of them, but this related to their duties in drilling the well, and had nothing to do with the disposition of the shuttle car. Therefore, we do not feel that the finding attacked lacks support in the evidence and it will not be disturbed. See, Totah Drilling Co. v. Abraham, 1958, 64 N. M. 380, 328 P.2d 1083; Hyde v. Anderson, 1961, 68 N.M. 50, 358 P.2d 619; and Clodfelter v. Reynolds, 1961, 68 N.M. 61, 358 P. 2d 626.

■ We are thus faced with the proposition as to whether or not, as a matter of law, under the facts as found by the trial court, Covington was entitled to recover; or, to put it another way, did his injuries arise out of and in the course of employment?

The trial court concluded that the accident and the resulting injuries did not arise

out of the course of Covington's employment. It is argued that, even in the face of the findings, this conclusion of law was incorrect, Covington claiming a right to recover compensation on the basis that he was directed by a person in authority to run a private errand, or do some work outside his normal duties, for the private benefit of the superior, and that an injury occurring under such circumstances is in the course of employment. Unfortunately, claimant's failure to attack the findings precludes us from answering this contention. Claimant says that particularly findings Nos. 7, 11 and 12 are not necessarily conclusive, because claimant "thought" he was acting in furtherance of the employer's business. There was no effort made to review the evidence or to attack the findings, if, as claimant contends, they should be qualified by the thoughts of claimant, nor was there any effort to review the evidence relating to the question of whether Covington did anything in furtherance of the employer's business, and we have many times held that we will not weigh the evidence on appeal. Thus, it would appear that Covington was not acting in furtherance of the employer's business, that his return with Bailey to the scene of the accident was for the purpose of assisting Bailey individually, and that it was not a part of claimant's duties to his employer to return the car to Farmington. We are fully cognizant of a respectable line of authority which, in effect, would sustain Covington's

contention here, but not upon the facts as found by the trial court and which are binding upon us.

In the instant case, finding No. 11 bars Covington from recovery. He had arrived at a place some twelve or fourteen miles from his home, and his return to the location of the stalled automobile, forty or fifty miles away, was neither in furtherance of the employer's business, nor was he obeying an order of the employer's agent, but, as found by the court, was assisting Bailey in his individual capacity. We fully recognize that there may be situations where an employee, in following the instructions of a supervisor, should be found to be in the course of his employment, even though he may be on some private errand or doing some work outside his normal duties for the private benefit of his superior (see, 1 Larson's Workmen's Compensation Law, § 27.-40, and cases cited therein). However, we are bound by the facts as found by the trial court, and cannot allow speculation or conjecture as to facts not before us to affect our determination.

We do not believe, under the facts as found, that the "coming and going" rule should be extended, although we do not mean to say that, in a proper case, an employee might not be covered by the provisions of the act while performing a personal errand, upon the order or request of a superior. Compare, McKinney v. Dorlac, 1944, 48 N.M. 149, 146 P.2d 867; Wilson v.

Rowan Drilling Co., 1950, 55 N.M. 81, 227 P.2d 365; and Feldhut v. Latham, 1955, 60 N.M. 87, 287 P.2d 615.

We have seriously considered the arguments advanced by claimant and the authorities cited by him, and find that the cases are distinguishable and do not support claimant's position under the facts as found by the trial court.

The judgment will be affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

MOISE and NOBLE, JJ., not participating.