378 P.2d 376

**E. W. PETTY, Plaintiff-Appellee,**

v.

**Dudley M. WILLIAMS, d/b/a New Mexico Hearing Center, Defendant-Appellant.**

**No. 7048.**

Supreme Court of New Mexico.

Jan. 30, 1963.

Rehearing Denied March 13, 1963.

R. F. Deacon Arledge, Albuquerque, for appellant.

Leonard L. Pickering, Albuquerque, for appellee.

GEORGE L. REESE, Jr., District Judge.

This action was instituted by the appellee against the appellant and Radioear Corporation to recover the price paid for certain Radioear Stereo Hearing-Aid Glasses. The trial court found that it had no jurisdiction over Radioear Corporation and dismissed it from the proceeding. No appeal was taken from this judgment of dismissal and the action is before us on an appeal by the appellant Williams for a judgment in favor of the appellee for the refund of the purchase price in the sum of $630.50, with interest thereon from December 19, 1959, the date of the return to Williams of the Hearing-Aid Glasses.

The district court made extensive findings of fact, none of which are attacked, either by point or argument, as not being based upon substantial evidence. The facts so found must therefore be accepted by us as the facts upon which we base our decision. Covington v. Rutledge Drilling Co., 71 N.M. 120, 376 P.2d 180; Town of Mesilla v. Mesilla Design Center & Book Store, 71 N.M. 124, 376 P.2d 183.

It requires no citation of authority to support the oft repeated rule that this court will not search the record in an attempt to discover errors committed by the trial court. If error has been committed against the appellant, he must, in an appropriate "point" call it to our attention and demonstrate the error by argument and citation of authorities in support of his position. If the alleged error be a finding of fact not supported by substantial evidence, the particular finding must be quoted, Bogle v. Potter, 68 N.M. 239, 360 P.2d 650, and under Rule 15(6), it is provided:

"A contention that a verdict, judgment or finding of fact is not supported by substantial evidence will not ordinarily be entertained, unless the party so contending shall have stated in his brief the substance of all evidence bearing upon the proposition, with proper references to the transcript. Such a statement will be taken as complete unless the opposite party shall call

attention in like manner to other evidence bearing upon the proposition."

The appellant states his Points Relied on For Reversal as follows:

### "POINT ONE

"The trial court committed error in failing to render judgment for the defendant as a matter of law.

### "POINT TWO

"The learned trial court committed error in its Conclusion of Law II as follows: 'That the failure of the Hearing-Aid Glasses to give plaintiff normal or near normal hearing ability and comfort and to improve plaintiff's hearing to his satisfaction amounted to a failure of consideration.'

### "POINT THREE

"The learned trial court committed error in its Conclusion of Law III as follows: 'That the failure of defendant Williams to refund plaintiff's purchase price amounted to a breach of express warranty of the two-year unconditional guarantee.'

### "POINT FOUR

"The learned trial court committed error in its Conclusion of Law IV as follows: 'That the conduct of defendant Williams in this transaction amounts to unjust enrichment.'

### "POINT FIVE

"The learned trial court committed error in its Conclusion of Law V as follows: 'That plaintiff is entitled to a rescission of the conditional contract of sale and a full refund of his purchase price.' "

It is obvious that a consideration of the above quoted "Points" requires, as to each, a review of the facts found by the trial court and a determination as to whether those facts afford a proper basis for the court's conclusions of law and for the judgment entered thereon. The appellant did not in his brief copy, at any place, the findings of fact made by the trial court. Neither did the appellee, at any place in his brief, attempt to copy or summarize the facts as found by the trial court.

In order to construct an argument under the stated points the appellant under the heading "Statement of Facts" summarized excerpts from the testimony of various witnesses and wholly ignored the facts found by the trial court. The summarized excerpts were so incomplete that the appellee summarized additional excerpts from the testimony of the witnesses and he also virtually ignored the facts as found by the trial court.

We cannot condone such a total lack of regard, by attorneys practicing in this court, of the basic rules governing appeals. However, lest we be unjustly charged with dis-

posing of appeals on technical grounds rather than on a consideration of the merits, we will briefly summarize the ultimate facts found by the trial court.

■ The appellant was the exclusive dealer in Albuquerque for hearing aid devices manufactured by Radioear Corporation of Cannonsburg, Pennsylvania. He carried a listing in the classified telephone directory reading: "Radio Hearing Aids, So Reassuringly Powerful and Real in Tone. For the Moderate to the Most Severe Loss of Hearing. All Transistor—All Magnetic. Two Year Unconditional Guarantee." The appellee read and relied upon the quoted advertisement and contacted the appellant in an effort to obtain some contrivance to improve his defective hearing. The appellant held himself out to the public in general and to the appellee in particular as an expert and as a counselor qualified and able to correct hearing impairments such as the appellee's by the use of the Radioear Hearing Aid, and appellee relied upon the appellant's skill, judgment and reputation in these regards. So relying, the appellee on February 9th, 1959, entered into a contract to purchase for a price of $630.50, certain 1959 Radioear Stereo Hearing-Aid Glasses; and, in connection with this contract, the appellee also relied upon oral express and implied warranties made to him by the appellant that the hearing aid glasses would correct his hearing impairment and would give him normal or near normal hearing ability. As a part of the transaction there was an express agreement that the appellee would submit himself for experimentation and adjustment of his hearing aid glasses from time to time to the end that he might acquire normal or near normal hearing ability by the use of such aid. This agreement was carried out until December 19, 1959, when appellee returned the hearing aid glasses to appellant and it was then mutually agreed between them that the hearing aid had failed in its sole purpose to contribute to normal or near normal hearing by the appellee and that appellee's ear condition was such that no hearing aid of the type sold by appellant could ever improve appellee's hearing. Having paid the full purchase price, appellee, on return of the hearing aid, demanded a refund of the price paid and when appellant ultimately refused his demand, appellee filed this action to recover the consideration paid by him.

The appellant does not argue that under the facts as found by the trial court and summarized, supra, there was no breach of warranty, no failure of consideration, and no rescission, and we know of no legal impediment to relief for the appellee on either or all of these theories.

We do not deem it necessary to discuss legal theories argued in appellant's briefs since the discussion is not limited to the facts found by the trial court but is based

**342**

upon claimed facts not included in or covered by the findings.

Finding no merit in the appeal, and, no error of the trial court being apparent, the judgment of the trial court is accordingly affirmed.

IT IS SO ORDERED.

CARMODY and CHAVEZ, JJ., concur.