461 P.2d 906

**Mabel L. PRAGER and El Paso National Bank of El Paso, Texas, Trustees under the Last Will and Testament of Myron S. Prager, Deceased; and El Paso National Bank of El Paso, Texas, Trustee of the Mabel L. Prager Trust Estate, Plaintiffs-Appellees,**

**v.**

**Louis M. PRAGER, Bruce S. Prager, Glenn B. Prager, Price & Co., a Corporation, Empire Realty, Inc. and Great Western Printing Co., Inc., Defendants-Appellants.**

**No. 8772.**

Supreme Court of New Mexico.

Nov. 3, 1969.

Rehearing Denied Dec. 22, 1969.

Frazier, Cusack & Schnedar, Roswell, E. Byron Singleton, Amarillo, Tex., for appellants.

Jennings & Copple, Roswell, for appellees.

OPINION

WATSON, Justice.

On January 11, 1968, Mabel L. Prager and El Paso National Bank, Trustees, appellees herein, brought suit in the District Court of Chaves County against Louis M. Prager, Bruce S. Prager, Glenn B. Prager, Price & Co., Empire Realty, Inc., and Great Western Printing Company, appellants herein. Blanche E. Prager, who was also joined as a defendant, but against whom no judgment was entered, has not appealed.

The complaint alleged that 50% of the stock of Price & Co. was held by plaintiffs and 50% was held by defendants Prager, and that defendants Prager, as controlling officers and directors of Price & Co., fraudulently diverted from the corporation various assets without the knowledge or consent of plaintiffs. The complaint prayed for a judgment in favor of Price & Co. for the amounts diverted by defendants Prager and asked that a receiver of Price & Co. be appointed pendente lite; that defendants Prager and Empire Realty, Inc. and Great Western Printing Co., corporations controlled by defendants Prager, be enjoined from disposing of any of their assets; and that Price & Co. have a lien

upon all assets of defendants Prager, including their stock in Price & Co. It further asked for liquidation of Price & Co. and the appointment of a liquidating receiver in accordance with the provisions of § 51–29–17 et seq., N.M.S.A.1953 Comp. (1969 Supp.); that defendants Prager be enjoined and restrained from exercising any control over the assets and business of Price & Co.; and that plaintiffs be awarded attorney fees, costs, and expenses in connection with this action.

The trial court granted most of the relief sought by the complaint. Judgment in favor of Price & Co. was entered in the amount of $153,310.64 against the other appellants jointly and severally; a receiver was appointed to liquidate Price & Co.; $15,000.00 was awarded as attorney fees for plaintiffs-appellees' attorneys to be paid by Price & Co.; and the court retained jurisdiction for the purpose of instructing the receiver and in order to enter a decree of involuntary dissolution. Appeal is taken from this judgment.

Appellants do not contest the trial court's finding except as to insufficiency but present seven points of alleged error, five of which contest the court's jurisdiction: (I) To adjudge a dissolution; (II) To appoint a liquidating receiver; (IV) To award attorney fees; (III) Because this suit was a stockholders derivative action and (a) an adequate remedy was provided by statute, and (b) the trial court's findings did not sustain its conclusions and judgment for damages and an injunction; and (VI) Because the trial court gave retrospective effect to the New Mexico Business Corporation Act.

The Business Corporation Act, § 51–24–1 to § 51–31–11, N.M.S.A.1953 Comp. (1969 Supp.), became effective in New Mexico on January 1, 1968. It repealed most of the former corporation laws. The right to amend and repeal these laws as to existing corporations is set forth in Art. XI, § 13 of the New Mexico Constitution and was reserved in the former law under which Price & Co. was incorporated, being ch. 79, N.M.S.L.1905, or § 51–2–4, N.M.S.A.1953 Comp., now repealed by the Business Corporation Act, supra, which also contained a similar provision. See § 51–31–11, supra, and Westland Development Co. v. Saavedra, (Decided September 22, 1969) 80 N.M. 615, 459 P.2d 141.

Section 51–29–16, subd. B, supra, provides for suits in the nature of the one here to be brought in the district court of the county in which the principal office of the corporation is situated. Appellants do not contend that the principal office of Price & Co. is not in Chaves County. Section 51–29–21, supra, of the act authorizes the court to dissolve the corporation after a full liquidation, but the judgment before us orders only a liquidation at this time. Section 51–29–17, subd. B, supra, of the act authorizes the appointment of a liquidating receiver, and subsection C thereof authorizes the allowance of fees to attorneys in the proceedings.

The trial court found that Price & Co., which was joined as a defendant, was the real plaintiff in interest in this action. Appellants agree with this finding but say because of it and by virtue of Rule 17(a) of the Rules of Civil Procedure (§ 21–1–1(17)(a), N.M.S.A.1953 Comp.) Price & Co. could not sue to liquidate itself, and that § 51–29–16, supra, of the act authorizes the suit to be brought by a stockholder only. Rule 17(a), supra, however, does permit a party authorized by statute to sue in his own name without joining with him the party for whose benefit the action is brought. This rule must be read with Rules 18(a), 19(a), and 23(b), Rules of Civil Procedure (§§ 21–1–1(18) (a), (19) (a), and (23) (b), N.M.S.A.1953 Comp.). Rules 18(a) and 19(a), supra, permit a party to join as many claims as he has against an opposing party; and when a party should join as plaintiff but refuses to do so, he may be made a defendant or an involuntary plaintiff. Rule 23(b), supra, provides that in actions brought by stockholders to enforce a secondary right the complaint must be verified and must

set forth with particularity the efforts of the plaintiff to secure the action he desires from the management or stockholders and the reasons for his failure to obtain the actions, or the reasons for not making the effort.

Here, the plaintiffs' verified complaint complies with these requirements. It sets forth that the individual defendants control the corporation and that a deadlock exists; it details the fraudulent acts of defendants in the corporate name; it states that the defendants have refused to take action and that a demand on them to bring or join in this action would be futile. The court's findings are similar to these allegations and sustain its conclusions.

Our Rules of Civil Procedure, many of which were taken from the federal rules, were designed to simplify judicial procedure and to promote the speedy determination of litigation on its merits. Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968). Permitting the adjudication of all phases of litigation involving the same parties in one action would avoid a multiplicity of suits. For this reason they are to be liberally construed so as to guarantee bona fide complaints to be carried to an adjudication on the merits. Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). Furthermore, we believe that a derivative action is authorized by § 51–29–16, supra, and that the court is authorized to discontinue the liquidation or to dissolve the corporation under §§ 51–29–20 and 51–29–21, supra, as is necessary to do justice to all involved. See Gidwitz v. Lanzit Corrugated Box Co., 20 Ill.2d 208, 170 N.E.2d 131 (1960); In re Hedberg-Freidheim & Co., 233 Minn. 534, 47 N.W.2d 424 (1951); Petition of Collins-Doan Co., 3 N.J. 382, 70 A.2d 159, 13 A.L.R.2d 1250 (1949); Application of Casale-Chadwick, Inc., 31 Misc.2d 699, 221 N.Y.S.2d 608 (Sup.Ct.1961).

Appellants do not claim that substantive rights are effected by the adoption of the Business Corporation Act but contend that procedural laws will be presumed to operate prospectively only unless intent to the contrary is set forth in the statute itself.

Section 51–31–9, subd. A, supra, being ch. 81, § 130, N.M.S.L.1967, reads as follows:

> "The provisions of the Business Corporation Act [51–24–1 to 51–31–11] apply to all existing corporations organized under any general act of this state providing for the organization of corporations for a purpose or purposes for which a corporation might be organized under the Business Corporation Act, where the power has been reserved to amend, repeal or modify the act under which the corporation was organized and where the act is repealed by the Business Corporation Act."

Ch. 81, § 133, N.M.S.L.1967 reads:

> "The repeal of any prior act by the Business Corporation Act does not affect any right accrued or established, or any liability or penalty incurred, under the provisions of the prior act prior to its repeal."

We believe the above indicates that the legislature intends the Business Corporation Act to operate retrospectively except as it may affect substantive rights; however, we do not believe the trial court in this case necessarily gave it retroactive effect by permitting suit under the act based upon matters which occurred before its effective date. See Cutter Flying Service, Inc. v. Straughan Chevrolet, Inc. (Decided Oct. 10, 1969) 80 N.M. 646, 459 P.2d 350. In either event its actions were proper.

We believe the trial court had jurisdiction in this action for the reasons above stated, and we must, therefore, resolve appellants' Points I, II, III, IV, and VI against them.

Appellants' Point V states that "[w]ith respect to federal income taxes the parties are in pari delicto and the court should have left them where it found them." Appellants point out that representatives of appellees may have participated with appellants Prager in charging off for income tax purposes certain accounts due Price & Co.

which they now seek to collect in this action, and if these accounts are of value there will be an income tax deficiency and penalty. The court made no finding as to a tax liability nor does the judgment indicate that if one results it would be borne by other than Price & Co. which, since they each own one-half of the stock, would require a sharing of the obligation by the parties. It would appear, therefore, that the trial court did leave the parties as it found them in this particular. If it is appellants' contention that these charged off accounts must be abandoned and no effort made to collect them because they were wrongfully charged off with the consent of all parties, they requested neither a finding nor a conclusion to this effect. Rule 52 (B) (6), Rules of Civil Procedure (§ 21-1-1(52) (B) (6), N.M.S.A.1953 Comp.). This contention, therefore, cannot be considered on appeal. Western Timber Products Co. v. W. S. Ranch Co., 69 N.M. 108, 364 P.2d 361 (1961); Scuderi v. Moore, 59 N.M. 352, 284 P.2d 672 (1955).

By appellants' Point VII error is claimed because of the court's failure to give appellants' Requested Finding No. 3 and Supplemental Finding No. 3. Requested Finding No. 3 reads:

"By resolution of May 31, 1958 the corporation was authorized to purchase all of the assets of the Sidney Prager estate consisting of certain real property in the City of Roswell and certain listed common stocks at a total agreed purchase price of $58,286.56 of which $3,181.87 was paid in cash to Mabel L. Prager and a negotiable promissory note of $25,961.-41 delivered to the plaintiffs which was payable at the rate of $300.00 per month including interest accrued at the rate of 5% per annum."

Appellants claim that this finding is significant because the court found that the directors had failed to declare a dividend since 1955, and that payments under the contract mentioned in this requested finding were actually received in lieu of dividends. No conclusion based on this finding was submitted. We can draw none from it. Rule 52(B) (6), supra. Appellants did not challenge the court's findings which sustain its conclusions and judgments.

Appellants' Requested Supplemental Finding No. 3 reads:

"The bookkeeping entries of LOUIS M. PRAGER were unusual and irregular but were not fraudulent and were not designed for the wrongful personal benefit and profit of LOUIS M. PRAGER and the other Defendants. The bookkeeping entries and records were at all times mathematically accurate and properly contained the relative relationship of debts and credits among all Defendants and such has been confirmed by audit. The transfer of charge-off and bad accounts was a bona fide attempt by LOUIS M. PRAGER to save income taxes for Price & Co. and was intended to prevent Price & Co. from being involved in tax penalties as a personal holding company."

The first two sentences in the above quoted requested finding conflict with unchallenged findings of the court, which are supported by substantial evidence. The third sentence, discussed above as it pertains to Point V, would in addition have been inconsistent with the court's unchallenged Finding 7(d) on the same subject. The submission of requested findings which are contrary to unchallenged findings and conclusions of the court will not raise an issue on appeal. Appellants neither complied with Supreme Court Rules 15(6) nor with 15(16) (b) and (c) (§ 21-2-1(15) (6) and (15) (16) (b) and (15) (16) (c), N.M.S.A.1953 Comp.); Michael v. Bauman, 76 N.M. 225, 413 P.2d 888 (1966); Springer Corp. v. American Leasing (Decided September 22, 1969) 80 N.M. 609, 459 P.2d 135. Appellants' Point VII must, therefore, be determined against them.

Thus having ruled against appellants on all of their points, we must affirm the judgment of the trial court. In appellees' answer brief we are asked to award

maximum damages to appellees for the benefit of Price & Co. in accordance with Supreme Court Rule 17(3) (§ 21-2-1(17)(3), N.M.S.A.1953 Comp.). This we decline to do because, although the appeal does lack merit, we cannot say it was sued out merely for delay.

The judgment of the trial court is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.