475 P.2d 466

**Larry Lee ADAMS, Plaintiff-Appellee,**

v.

**LOFFLAND BROTHERS DRILLING COMPANY, and the Travelers Insurance Company, Defendants-Appellants.**

**No. 479.**

Court of Appeals of New Mexico.
Sept. 25, 1970.

Byron Caton, White & Caton, Farmington, for appellants.

James L. Brown, John R. Phillips, Jr., Farmington, for appellee.

## OPINION

HENDLEY, Judge.

Defendants appeal a total disability judgment in favor of plaintiff in a Workmen's Compensation action. We affirm.

I. Defendants contend that Finding of Fact 6, which states that, "Plaintiff, by reason of the injuries sustained by him is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by reason of age, education, training, general physical and mental capacity and previous work experience[,]" is wholly without evidentiary support. However, defendants state they do not wish to involve us in a contest over substantial evidence but ask us to, "* * * determine

only whether as a matter of law the Court erred in its determination of total disability." We must of necessity review the evidence in order to determine whether the finding of total disability is supported by substantial evidence.

Defendants also contend that it was error for the trial court to refuse their requested findings. These findings primarily relate to the post-injury work history of plaintiff. Whenever plaintiff performed heavy work he was disabled by severe back pain. Plaintiff was employed for a time as a service station attendant on the basis of a four-day work week. The reasons he gave for quitting this employment were that he was not making enough money and his back bothered him "a little bit" while bending in changing flat tires.

Plaintiff also worked as a grademan and oiler on a backhoe. Thirty or forty times a day he would have to pull himself up onto the machine to tell the operator what to do. Plaintiff stated, "That pulling up that step got my back to bothering me pretty bad. I had to get one leg and pull up and it got my back hurting me again."

It is defendants' position that the evidence fails to support a finding that plaintiff was unable to return to his former employment of "roughnecking," and, in any event, there is no evidence to support the finding that plaintiff was wholly unable to perform any work for which he is fitted by reason of age, education, training, general physical and mental capacity and previous work experience.

■ The determination of the degree of disability is a question of fact for the fact finder. Roybal v. County of Santa Fe, 79 N.M. 99, 440 P.2d 291 (1968). If there is substantial evidence in the record to support a finding, we are bound thereby. In deciding whether a finding is supported by substantial evidence, we must view the evidence and inferences that may reasonably be drawn therefrom, in the light most favorable to support the finding. Corzine v. Sears, Roebuck and Company,

80 N.M. 418, 456 P.2d 892 (Ct.App.1969); cert. denied, 80 N.M. 388, 456 P.2d 221 (1969). All evidence unfavorable to the findings will be disregarded. Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968), cert. denied, 79 N.M. 448, 444 P.2d 775 (1968).

Total disability is defined in § 59–10–12.18, N.M.S.A.1953 (Repl.Vol. 9, pt. 1, Supp.1969), as follows:

"As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], 'total disability' means a condition whereby a workman, by reason of an injury arising out of, and in the course of, his employment, is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience."

■ As stated in Quintana v. Trotz Construction Company, 79 N.M. 109, 440 P.2d 301 (1968), the primary test for disability is the capacity to perform work.

■ In light of plaintiff's post-injury work history, was there evidence to substantiate the trial court's finding of total disability? We think so.

Doctor McDonald, an orthopedic specialist, testified by deposition that plaintiff should not do any heavy work and that plaintiff should be retrained to do lighter work. There is medical testimony that plaintiff was told to return to work. Plaintiff would return to work and, after a brief time, a few days to two months, his back pain would become so severe that he was either hospitalized or returned to bed rest.

Plaintiff is 36 years of age, married, with 2 children. He completed the 11th grade and went immediately into roustabout and roughnecking, and continued such work except for the time spent in the Marine Corps. The evidence discloses that plaintiff could not do work he was performing at the time of the injury, or any

work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience. Quintana v. Trotz Construction Company, supra.

II. Defendants contend that plaintiff, " * * * through his own misconduct, and his failure to follow the advice of his medical doctors, was the sole participating. cause of his own condition at the time of trial. In this respect, it is appellants' . [defendants] contention that claimant aggravated his injury and through this aggravation prolonged his disability and prevented its alleviation."

The record does not support defendants' contention. The evidence is conflicting. Dr. Smith and Dr. Furry told plaintiff to take it easy for awhile and then to return to work. Dr. Eugenio and Dr. Guerra told plaintiff to return to work. Dr. McDonald recommended plaintiff not return to oil field work. At the time of trial in October, 1969, plaintiff stated that since his injury on June 21, 1968, his back had continuously hurt.

Defendants' contention that the record does not show a causal connection as a medical probability by expert medical testimony is not well taken. The essence of the testimony by Dr. McDonald, an orthopedic specialist, was that plaintiff's disability was a natural and direct result of the accident and injury sustained by him on June 21, 1968.

Defendants contend that plaintiff's continuing to work as a roustabout or roughneck was conduct which broke the chain of causation. The record does not support that argument. The testimony is conflicting. There is evidence to support the findings of the trial court.

Defendants contend that plaintiff "willfully suffered" reinjuries by continually working as a roustabout or roughneck, or by doing heavy work. Section 59-10-8,

N.M.S.A.1953 (Repl.Vol. 9, pt. 1). We think the language in Evans v. Stearns-Roger Manufacturing Co., 253 F.2d 383 (10th Cir. 1958), appropriately answers that contention:

" * * * To hold that the employer's liability should be diminished because his injured workman has seen fit to suffer the discomforts of his infirmity and obtain employment, rather than to simply exist on the compensation the law allows him, seems to us inconsistent with the purpose and intent of the workmen's compensation act. * * * * "

The record shows that plaintiff received compensation payments through September, 1968.

III. Defendants contend that the trial court erred in assessing attorney fees of $3,750.00.

The trial court found that $3,750.00 was a reasonable attorney fee. Section 59-10-23, N.M.S.A.1953 (Repl.Vol. 9, pt. 1), permits the trial court to set attorney fees which are reasonable and proper. The award of attorney fees is discretionary with the trial court and will not be disturbed except for abuse of discretion. Ortega v. New Mexico State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966).

The record in this case shows that defendants contested that plaintiff suffered an accidental injury arising out of and in the course of his employment, and that the alleged disability was a natural and direct result of plaintiff's alleged accident. Defendants contended that plaintiff's post-injury work broke the causal connection between the alleged accidental injury. The depositions of five doctors were taken —one in Durango, Colorado, one in Fort Worth, Texas and three in Abilene, Texas.

Although we might not assess attorney fees in the amount given we cannot state, as a matter of law, that the fees

were excessive and the granting thereof an abuse of discretion by the trial judge.

 Plaintiff's counsel has attached time sheets to his Answer Brief in support of his award of attorney fees. We do not consider these in arriving at our decision. Matters not of record will not be considered on appeal. Morgan v. State Board of Education, 80 N.M. 754, 461 P.2d 236 (Ct.App.1969).

The judgment is affirmed with an additional award to plaintiff of $1,000.00 for the services of his attorney in this appeal. Section 59–10–23(D), N.M.S.A.1953 (Repl. Vol. 9, pt. 1).

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.