500 P.2d 997

James W. KEYSER, Plaintiff-Appellee,

v.

RESEARCH COTTRELL COMPANY, Employer, and Travelers Insurance Company, Insurer, Defendants-Appellants.

No. 792.

Court of Appeals of New Mexico.

Aug. 18, 1972.

Byron Caton, White & Caton, Farmington, for defendants-appellants.

James L. Brown, Benjamin S. Eastburn, Farmington, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Plaintiff was injured on August 28, 1969. His workmen's compensation suit was filed March 24, 1970. On February 1, 1971, defendants filed an "Admission of Liability" which stated in part that:

"Defendants admit that as of December 15, 1970 the Plaintiff was totally disabled and unable to return to his normal employment. * * * That Defendants will pay the first week of compensation for the period from December 15, 1970 to December 21, 1970, and will continue to pay total temporary disability payments until further order of the Court, or until medical reports indicate otherwise. * * * That Defendants agree that Plaintiff did suffer an accidental injury arising out of and in the course of his employment; and that Plaintiff's disability is a natural and direct result of the alleged accident."

On March 16, 1971, plaintiff and defendants filed a stipulation which stated in part that:

"In light of the Admission of Liability heretofore filed by the defendants * * * it is stipulated that the only issues that remain in this case is the issue of plaintiff's right to compensation from the date of injury to December 14, 1970, * * * the amount of attorney's fees to be allowed to plaintiff for legal representation of the plaintiff, in connection with the on-the-job injury received by him and in connection with his workmen's compensation claim."

On April 20, 1971, after trial on April 5, 1971, the trial court found that plaintiff's injuries were " * * * a natural and direct result of the accident and are causally related" and that plaintiff " * * * was 25% disabled from the date of the injury to December 15, 1970, and he is totally disabled from December 15, 1970, to the present time." The trial court also found that " * * * a reasonable sum to be allowed for his [plaintiff's] attorney's fees

when considering the present value of the award is $3,865.40."

Defendants appeal the awarding of $3,865.40 attorney fees on the grounds that " * * * liability was admitted and the case was tried on a severely limited issue." Plaintiff cross-appeals asserting the trial court erred in " * * * denying Plaintiff total disability" from the date of the injury to December 15, 1970.

*Attorney Fees.*

■  Section 59–10–23(D), N.M.S.A.1953 (Repl.Vol.1960) states:

"D.  In all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty [30] days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the Supreme Court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of the Workmen's Compensation Act; Provided, however, that the trial court in determining and fixing a reasonable fee must take into consideration:

"(1)  The sum, if any offered by the employer

"(a)  before the workman's attorney was employed; and

"(b)  after the attorney's employment but before court proceedings were commenced; and

"(c)  in writing thirty [30] days or more prior to the trial by the court of the cause; and

"(2)  The present value of the award made in the workman's favor."

Defendants assert " * * * that the trial court failed to consider the mandatory provisions of N.M.S.A. 59–10–23(D)(1)(c) & (2)." We agree. The trial court failed to take into consideration the factors contained in the above quoted subsection when in awarding attorney fees it stated: "I'm sure counsel understand that in this district, generally speaking as a basic approach, it is based usually upon a percentage of the amount actually recovered through the efforts of the attorneys."

It is not defendants' contention that plaintiff was not entitled to an award of attorney fees. Defendants simply contend since there was an offered sum 30 days prior to trial the trial court must take that into consideration. We agree.

The statute specifies the elements which must be considered in the granting of attorney fees when the workman recovers funds in excess of the amount offered. Those elements which must be considered are: (1) the sum offered before the workman's attorney was employed; (2) the sum offered after the workman's attorney was employed but before court proceedings were commenced; (3) the sum offered in writing thirty days or more prior to the trial by the court of the cause; and, (4) the present value of the award made in the workman's favor. Section 59–10–23(D), supra.

We do not, under the circumstances of this case, believe that this court should make such an attorney's fee award. Rather it is our function to see that the trial court considers those matters set forth in the statute and only then can we determine whether there was an abuse of discretion on the part of the trial court. Ortega v. New Mexico Highway Department, 77 N. M. 185, 420 P.2d 771 (1966). The matter should be left with the trial court since it has superior knowledge of the matters at hand. See Scott v. Transwestern Tankers, Inc., 73 N.M. 219, 387 P.2d 327 (1963).

We accordingly reverse and remand on the issue of plaintiff's attorney's fee and

direct that the trial court consider the pertinent provisions of § 59–10–23(D), supra.

*Disability.*

 Plaintiff in his cross-appeal contends the trial court erred in denying him total disability from date of injury, August 28, 1969 to December 15, 1970. Plaintiff frames the issue as " * * * when a workman is disabled will his conscientious attempts to continue to be gainfully employed prohibit him from obtaining total disability benefits under the Workmen's Compensation Act?" We do not so view the issue. Rather, the issue is whether there is substantial evidence to support the trial court's decision that plaintiff was 25% disabled from August 28, 1969 to December 15, 1970—the date admitted by defendants to be the date of the beginning of total disability. The rule to be used in determining whether there is substantial evidence to support the trial court's finding is set forth in Adams v. Loffland Brothers Drilling Company, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970):

> "The determination of the degree of disability is a question of fact for the fact finder. [citation omitted] If there is substantial evidence in the record to support a finding, we are bound thereby. In deciding whether a finding is supported by substantial evidence, we must view the evidence and inferences that may reasonably be drawn therefrom, in the light most favorable to support the finding. [citation omitted] All evidence unfavorable to the findings will be disregarded. * * *"

In applying the foregoing rule we find the record discloses that from August 28, 1969, the date of the injury, until December 15, 1970, that plaintiff was examined by Dr. Martinez and Dr. Adler and each did not feel plaintiff was totally disabled during this period. It was not until Dr. Martinez' examination of December 14, 1970, that plaintiff was determined to be totally disabled.

During the period from August 28, 1969, until December 14, 1970, plaintiff held various jobs. The record discloses a progressive injury. There was evidence to support the trial court's finding of 25% disability from August 28, 1969 to December 14, 1970.

The cross-appeal is affirmed. We reverse and remand on the issue of attorney fees.

*It is so ordered.*

COWAN and HERNANDEZ, JJ., concur.